IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA Litigation | § § § § | MDL-1446 |
| This Document Relates To H-03-862 | § § | |
| MARK NEWBY, ET AL., Plaintiffs VS. ENRON CORPORATION, ET AL., Defendants | § § § § § § § § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| PIRELLI ARMSTRONG TIRE CORP. RETIREE MEDICAL BENEFITS TRUST, et al., Plaintiff, VS. KENNETH L. LAY, et al., Defendants. | § § § § § § § § § § | CIVIL ACTION NO. H-01-3645 CONSOLIDATED CASES |
| WAI CHINN, Individually and on Behalf of All Those Similarly Situated, Plaintiff, VS. ROBERT A. BELFER, ET AL., Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-03-862 |

**OPINION AND ORDER**

In member case H-03-862, a putative class action, Plaintiff Wai Chinn alleges that Defendants, who are former officers and directors of Enron and Enron's outside auditing firm, disseminated SEC filings, financial statements, and auditor

opinion letters that misrepresented the financial condition of Enron Corporation and which induced Plaintiff Wai Chinn and a putative class to hold onto their Enron securities during the Class Period.  The suit seeks monetary damages for negligent misrepresentation, common law fraud, and breach of fiduciary duty under Oregon law.

Pending before the Court, based upon *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004), is Plaintiff Wai Chinn's motion for reconsideration (#2389 in H-01-3624; #32 in H-03-862) of the Court's June 14, 2004 memorandum and order,[1] accompanied by a request for oral hearing (#33).

Specifically Plaintiff contends that in determining that her claims were derivative rather than direct, this Court relied on an erroneous test, i.e., that a shareholder must have suffered a "distinct and separate special injury" to himself and the class in order to state a direct claim, which has been followed in Oregon,[2] but which has been discarded by the Delaware Supreme

---

[1] In the memorandum and order of June 14, 2004, this Court held that the holder class claims in Plaintiff Wai Chinn's action were derivative claims that belonged to Enron's bankruptcy estate, consolidated the case with *Pirelli*, H-01-3645, and administratively closed it. (Plaintiff does not seek reconsideration of the Court's order in that same document denying his motion to remand.) Plaintiff now states that his damages expert estimates that the proposed holder class consists of over 20,000 shareholders, allegedly injured by being induced to hold, until at least November 8, 2001, over 276 million shares of Enron stock, which had been purchased prior to October 16, 1998.  Plaintiff complains that the class cannot obtain individual relief in the *Pirelli* action, nor in the *Newby* securities litigation, because the class is not composed of "purchasers."

[2] *See, e.g., Loewen v. Galligan*, 130 Or. App. 222, 228, 882 P.2d 104, 111 (Or. App. 1994); *Weiss v. Northwest Acceptance Corp.*,

Court in *Tooley*.  845 A.2d at 1033 (separate special injury test "should be regarded as erroneous").  Aiming at clarification in light of "confusing jurisprudence on the direct/derivative dichotomy," *id.* at 1034, the Delaware Supreme Court established a simpler test for a court to apply:  "That issue must turn *solely* on the following questions:  (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)."  *Id.* at 1035.

Plaintiff maintains that his complaint asserts that Plaintiff and the class, individually, not Enron, suffered the harm because of, and seek damages for, being induced by Enron officials's misrepresentations to hold onto their Enron stock.  He emphasizes that there is no allegation of harm to Enron, which in fact, according to Plaintiff, actually benefitted from the fraud through a sharp increase it its reported financial results and stock price.  He insists there is no alleged injury to the corporation.  Plaintiff further cites a case relying on *Tooley* that he claims held that a class action claim by holders of the stock of a publicly traded corporation is a direct claim. *Gordon v. Buntrock*, No. 99 CH 18378, at 16-17 (Circuit Court of Cook

---

274 Or. 343, 348-49, 546 P.2d 1065. 1069-70 (1976)("The general rule is that a stockholder has no personal right of action against a third party for a wrong to the corporation which lowers the value of the stock."); *Smith v. Bramwell*, 146 Or. 611, 615, 31 P.2d 647 (1934)(a shareholder may not assert a direct claim against directors or officers who have defrauded or mismanaged a corporation if the only alleged injury is a diminution of share value; the claim is derivative and belongs to the corporation).

County, Ill., Chancery Div. July 19, 2004). Maintaining that under the *Tooley* test, the holder claims in the complaint are direct, Plaintiff asks that the order be vacated to the extent that it held that Plaintiff's claims were derivative and that the consolidation with *Pirelli*[3] be voided.

Alternatively, should the Court disagree and not vacate its order, Plaintiff asks the Court to certify to the Oregon Supreme Court under O.R.S. §28.200[4] the novel question whether

---

[3] A motion to reconsider is properly filed to correct manifest errors of law or fact or to present newly discovered evidence, not to rehash old arguments or advance legal theories that could have been presented earlier. *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994). The Official Committee of Unsecured Creditors argues that Plaintiff should have raised this argument before and improperly moves for reconsideration after failing to mention *Tooley* until months after the Court issued its June 14, 2004 order. Instrument #37, joined by Ken Harrison (#38). The Court agrees that Plaintiff could and should have raised this legal argument before, but in its discretion addresses the relevance of the *Tooley* test as a potential "manifest error of law."

[4] O.R.S. §28.200 provides a mechanism for the Oregon high court to receive certified federal questions from a federal district court:

> The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court, a panel of the Bankruptcy Appellate Panel Service or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state.

those Enron shareholders defrauded into holding their stock may state a claim for damages under Oregon law.[5]

If the Court decides not to certify the question immediately to the Oregon Supreme Court, Plaintiff asks the Court to certify the question to the Fifth Circuit under 28 U.S.C. § 1292(b), or issue a final judgment based on the June 14, 2004 order under Rule 54(b) so Plaintiff can pursue his claims for damages on appeal.

After reviewing the law, the Court agrees that the *Tooley* test to some degree clarifies the approach of the Delaware Supreme Court and those courts following its corporate law for distinguishing between direct and derivative claims; it discards the concept of a "special injury" as unhelpful and erroneous and instead applies the two-prong test (who suffered the alleged harm

---

[5] In the Enron bankruptcy court in the Southern District of New York, the Honorable Arthur J. Gonzalez denied Enron's Motion for a Global Order pursuant to Section 362(a) of the Bankruptcy Code, to Enforce the Automatic Stay and Prevent Plaintiffs from Prosecuting Derivative Claims in Violation Thereof. Judge Gonzalez concluded the claims were derivative, and thus were the property of the debtor's estate, but remanded this suit to Oregon state court on the grounds that it implicated "novel" questions of state law (i.e., whether Oregon recognizes claims for common law fraudulent inducement and a shareholder's direct action for a director's breach of fiduciary duty) and would best be decided by Oregon courts. (This Court noted in its earlier order at 6-7 that a second removal to federal court would soon occur. Judge Gonzalez did not order that the Oregon state court, rather than the federal district court, should address the question whether the shareholders can assert direct claims for breach of fiduciary duty and fraudulent inducement under Oregon state law nor that the state court should decide whether the federal district court has subject matter jurisdiction.) The case was subsequently removed on "related to" bankruptcy jurisdiction under 28 U.S.C. §§ 1334 and 1452 and then transferred to this Court by the Judicial Panel on Multidistrict Litigation.

and who would receive the benefit of the remedy sought) mentioned earlier. Nevertheless, noting that no Oregon court has yet cited, no less adopted, *Tooley*, this Court concludes that even if Oregon were to decide to apply the *Tooley* test, the result would be the same as that under *Loewen*.[6]

Moreover, Plaintiff's construction of *Tooley* appears to suggest the simpler *Tooley* test overturned previous law or was a radical departure, when in fact the Delaware Supreme Court has substantially embraced existing precedent, but with a different focus. *See, e.g., Tooley,* 845 A.2d at 1035 ("[T]his simple analysis is well imbedded in our jurisprudence.")(*citing Kramer v. Western Pacific Industries, Inc.*, 546 A.2d 348 (Del. 1988); *In re Syncor International Corp. Shareholders Litig.*, 857 A.2d 994, 997 & nn.8-10 (Del. Ch. 2004)("The *Tooley* opinion then examines and reaffirms a series of older decisions in light of this new standard, including" *Elster v. American Airlines, Inc.*, 100 A.2d 219, 222 (Del. Ch. 1953)("holding suit to enjoin grant and exercise of stock options to be derivative in nature"); *Bokat v. Getty Oil Co.*, 262 A.2d 246 (Del. 1970)("holding suit against

---

[6] Although this Court focuses on the *Tooley* test, it notes that *Tooley* is distinguishable factually from the case here. *Tooley*, unlike Plaintiff Wai Chinn, did not deal with ultimate loss in value of the stock of shareholders because they were induce to hold their Enron securities by false representations about the corporation's financial strength from the corporation's officers, in breach of their duty to not make fraudulent misrepresentations to those shareholders. Instead, in *Tooley,* shareholders brought a class action for the loss of the time-value of (i.e., interest on) the money they were entitled to in exchange for their stock under a merger agreement during an unauthorized 22-day delay in the closing of the tender offer for the acquisition of Donaldson, Lufkin, & Jenrette, Inc. by Credit Suisse Group.

parent company director for wasteful investment of subsidiaries assets to be derivative, not direct"); and *Kramer v. Western Pacific Industries, Inc.*, 546 A.2d 348 (Del 1988)("holding action relating to issuance of golden parachute employment contracts in months leading up to merger to be derivative")). The high court emphasized that to constitute a direct claim, the "stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing any injury to the corporation." *Id*. at 1039. In the context of a claim of breach of fiduciary duty, the high court approved of the lower court's framing of the first prong, in reliance on the standard established in *Agostino v. Hick*, 845 A.2d 1110, 1122 (Del. Ch. 2004): "Looking at the body of the complaint and considering the nature of the wrong alleged and the relief requested, has the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation.?" *Tooley*, 845 A.2d at 1036.

Thus the test is not based on a plaintiff's characterization or designation of his claims. *See, e.g., Dietrich v. Harrer*, 857 A.2d 1017, 1027 (Del. Ch. 2004)("Even after *Tooley*, a claim is not 'direct' simply because it is pleaded that way, and mentioning a merger does not talismanically create a direct action. Instead, the court must look to all the facts of the complaint and determine for itself whether a direct claim exists."); *In re Syncor International Corp. Shareholders Litig.*,

857 A.2d 994, 997 (Del. Ch. 2004)("[U]nder *Tooley*, the duty of the court is to look at the nature of the wrong alleged, not merely at the form of words used in the complaint.")

Furthermore, applying *Tooley*, the Fifth Circuit found that a stockholder's claims that misleading public statements made by Waste Management induced him and a class of a similarly situated shareholders to hold onto their shares of Waste Management stock, resulting in deep losses to them, were derivative, not direct, claims. *Smith v. Waste Management, Inc.*, 407 F.3d 381 (5th Cir. 2005). The appellate court observed, "The misrepresentations that allegedly caused Smith's losses injured not just Smith but the corporation as a whole." *Id.* at 384-85. The Fifth Circuit opined,

> [W]hen a corporation, through its officers, misstates its financial condition, thereby causing a decline in the company's share price when the truth is revealed, the corporation itself has been harmed. Here, the harm that befell Smith--the drop in share prices caused by untimely disclosure of unfavorable financial data--was a harm that befell all of Waste Management's stockholders equally. Stated differently, the misconduct alleged by Smith did not injure Smith or any other shareholders directly, but instead only injured them indirectly as a result of their ownership of Waste Management shares. As such, Smith cannot prove his injury without also simultaneously proving an injury to the corporation. Accordingly, in light of *Tooley*, we find that Smith's claims are derivative under Delaware law.

*Id.* at 384-85, *citing and quoting Manzo v. Rite Aid*, No. Civ. A. 18451-NC, 2002 WL 31926606, *5 (Del. Ch. 2002)(unpublished)("To the extent that plaintiff was deprived of accurate information

upon which to base investment decisions and, as a result, received a poor rate of return on her Rite Aid shares, she experienced an injury suffered by all Rite Aid shareholders in proportion to their pro rata share ownership."),[7] *aff'd*, 825 A.2d 239 (Del. 2002). Furthermore three other courts have applied *Tooley* to holder claims and concluded they were derivative claims under Delaware law: *In re WorldCom, Inc.*, 323 B.R. 844 (Bankr. S.D.N.Y. 2005); *Shirvanian v. DeFrates*, 161 S.W.3d 102 (Tex. App.–Houston [14th Dist.] 2004, petition for review filed July 15, 2005); *Schuster v. Gardner*, 127 Cal. App.4th 305, 25 Cal. Rptr.3d 468 (Cal. App. 4 Dist. 2005).

With respect to the second prong of the *Tooley* test, the Fifth Circuit stated,

> Our conclusion is reinforced by the fact that if Smith's claims were construed as direct rather than derivative, Smith would be allowed to benefit (by obtaining a judgment against Waste Management) at the expense of all other shareholders who are similarly situation. That is, Smith would be allowed to recover the full amount of his losses from the diminished assets of Waste Management, while similarly situated shareholders would not. By finding that Smith's claims are derivative, we ensure that Smith will not incur a benefit at the expense of other shareholders similarly situated.

*Id.* at 385. The same rationale applies here.

Moreover, because it is clear under either the *Tooley* test or the special injury test of *Loewen v. Galligan*, 130 Or.

---

[7] Relying on *Kramer v. Western Pacific Industries, Inc.*, 546 A.2d 348, 353 (Del. 1988)("Any devaluation of stock is shared collectively by all the shareholders, rather than independently by the plaintiff or any other individual shareholder").

App. 222 (Or. App. 1994), Plaintiff's claims are derivative, the Court sees no point in certifying the question of direct versus derivative claims to either the Oregon Supreme Court or to the Fifth Circuit.  Because the issue is one of law and the parties have had an opportunity for briefing, the Court finds that a hearing is unnecessary.  Accordingly, the Court

ORDERS that Plaintiff's motion for reconsideration (#32) and request for oral hearing (#33) are DENIED.

**SIGNED** at Houston, Texas, this 12th day of September, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE